UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Perry N. Gumbs,**

        **Petitioner,**

        **-v-**                         **8:06-CV-1046**

**United States Attorney General, United States Department of Homeland Security, and United States Citizenship & Immigration Services,**

        **Respondents.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Perry N. Gumbs
Petitioner *Pro Se*

Hon. Glenn T. Suddaby, United States Attorney
Charles E. Roberts, Esq., Assistant United States Attorney
100 South Clinton Street
Syracuse, New York 13261

**Hon. Norman A. Mordue, Chief U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

On August 29, 2006, petitioner, an alien, commenced the instant proceeding by filing a "Petition for Naturalization" (Dkt. No. 1). Petitioner states that on November 27, 1992, he applied for naturalization to Immigration and Naturalization Service (now Citizenship and Immigration Service, hereinafter "CIS") and that no action has been taken on his application. The petition asks this Court either to determine the matter or to remand it to CIS with appropriate instructions. *See* 8 U.S.C. § 1447(b); 8 C.F.R. § 310.5.

There are presently three motions pending in this proceeding. Petitioner moved on May

25, 2007, to dismiss removal proceedings against him and terminate a 2005 removal order (Dkt. No. 13). Respondents moved on May 31, 2007 to dismiss the petition on the ground of mootness (Dkt. No. 14). And on October 1, 2007, petitioner moved for a temporary restraining order and preliminary injunction staying the removal proceedings (Dkt. No. 19).

## BACKGROUND

On October 15, 2004, petitioner was convicted in New York State Supreme Court, Orange County, for criminal possession of a controlled substance, N.Y.C.P.L. 220.18, and sentenced to five years imprisonment. According to petitioner, on July 14, 2005, Immigration Judge Joe Miller, at Fishkill, New York, issued an order finding petitioner deportable and ordering him removed from the United States and deported to the West Indies. On August 29, 2006, petitioner commenced the instant proceeding. On May 7, 2007, CIS issued a decision denying petitioner's naturalization application on various grounds primarily related to his 2004 drug conviction.

## DISCUSSION

**Naturalization application**

Here, it appears that petitioner applied for naturalization in 1992 and his naturalization examination took place in 1997. Thus, insofar as his petition seeks action on his naturalization application, this Court has jurisdiction under 8 U.S.C. § 1447(b).[1] Section 1447(b) provides that if CIS fails to render a decision upon a naturalization application within 120 days after the

---

[1] 8 U.S.C. § 1447(b) provides:

If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

-2-

applicant's naturalization examination, the applicant may apply to district court for a hearing on the application. District court may either determine the matter or remand to CIS with appropriate instructions.

Respondents' motion to dismiss (Dkt. No. 14) is based on the May 7, 2007 CIS decision finding petitioner ineligible for naturalization. Respondents argue that petitioner received the relief requested in the petition (*i.e.*, a determination on his naturalization application) when CIS issued its decision, and that therefore this proceeding is moot.

The Court rejects respondents' argument. While the Second Circuit has not ruled on the question, two other circuit courts have held that a section 1447(b) petition to district court vests exclusive jurisdiction of the naturalization application in district court, thus divesting CIS of jurisdiction to act on the matter unless district court remands it to CIS. *See Etape v. Chertoff*, 497 F.3d 379, 384 (4th Cir. 2007); *United States v. Hovsepian*, 359 F.3d 1144, 1159-61 (9th Cir. 2004). Thus, the May 7, 2007 determination by CIS that petitioner is ineligible for naturalization is a nullity and does not render moot the petition before this Court. *See Etape*, 497 F.3d at 383-84 (rejecting the argument that CIS can extinguish district court's exclusive jurisdiction simply by reaching a determination while the matter is pending before district court). Accordingly, respondents' motion to dismiss the petition as moot (Dkt. No. 14) is denied. In deference to the expertise of CIS in such matters, the Court remands petitioner's naturalization application to CIS, which is directed to act on the matter immediately.

**Removal order**

This Court lacks jurisdiction to act upon petitioner's motions challenging the removal order and seeking a stay of the removal order (Dkt. Nos. 13, 19); review by the appropriate circuit

court of appeals is the sole and exclusive means of judicial review.[2] *See* 8 U.S.C. § 1252(a)(5); (b)(3)(B); *Morillo v. DHS & Bice Detention Center*, 2006 WL 1007645, *1 (N.D.N.Y.), *and cases cited therein*. Nor may this Court transfer the case to the circuit court; rather, it must dismiss without prejudice to refiling in the appropriate court of appeals.[3] *See Munoz v. Gonzalez*, 2005 WL 1644165, *1 (S.D.N.Y.). Thus, petitioner's motions challenging the removal order and seeking a stay of removal (Dkt. Nos. 13, 19) are denied without prejudice, and the petition, insofar as it is addressed to the removal order, is dismissed without prejudice to proceeding in the appropriate court of appeals

## CONCLUSION

It is therefore

ORDERED that respondents' motion to dismiss the petition on the ground of mootness (Dkt. No. 14) is denied; and it is further

ORDERED that insofar as the petition seeks action on petitioner's naturalization application under 8 U.S.C. § 1447(b), it is granted to the extent that the naturalization application is remanded to CIS, which is directed to act on the matter immediately; and it is further

ORDERED that petitioner's motions challenging the removal order and seeking a stay of

---

[2] 8 U.S.C. § 1252(a)(5) provides in part:

Notwithstanding any other provision of law ... a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this chapter[.]

Under 8 U.S.C. § 1252(b)(3)(B), a stay may be ordered by the court that will issue a decision on the petition. *See Munoz*, 2005 WL 1644165 at *1.

[3] The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). Here, it appears that this would be the Second Circuit.

removal (Dkt. Nos. 13, 19), and the petition, insofar as it may be addressed to the removal order, are dismissed without prejudice to proceeding in the appropriate court of appeals; and it is further

ORDERED that any other relief requested herein is denied without prejudice, and the case is closed.

IT IS SO ORDERED.

October 16, 2007
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge